46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 JIM COOLEY CONSTRUCTION, INC., Plaintiff-Appellee,
v.
NORTH AMERICAN CONSTRUCTION CORPORATION; St. Paul Mercury
Insurance Company, Defendants-Appellants.
 No. 94-6082.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from an order denying an application for attorney fees due under contract. The district court denied the application on the ground the applicant had not prevailed as required under the appropriate contract provision. We reverse because the district court misconstrued the agreement.
 
 
 3
 Jim Cooley Construction, Inc., and North American Construction Corporation entered into a "Subcontract Agreement" for construction work. A provision of that agreement stated any legal proceeding on the agreement had to be filed in Bexar County, Texas. Nonetheless, Cooley filed a breach of contract action in Oklahoma state court that was eventually removed to the District Court for the Western District of Oklahoma.
 
 
 4
 Because of the provision limiting venue to Bexar County, defendant North American filed a motion to dismiss. The motion was granted on the grounds the parties had contractually agreed to limit venue, and the venue chosen by Cooley was improper.
 
 
 5
 Defendant North American then filed an application for attorney fees, grounded in part at least, upon Paragraph 35(B) of the agreement which reads:
 
 
 6
 In the event it is necessary for any party to the Subcontract Agreement to employ an attorney for the enforcement of any terms of this Subcontract Agreement, the non-prevailing party shall pay the prevailing party reasonable attorney's fees.
 
 
 7
 (emphasis added). Although North American contended this provision was clear and unlimited, the district court denied fees because North American did not prevail on the merits of the contract dispute. In so holding, the court stated, "[T]he court sees no reason to approve an award here and at this time." The court reasoned if North American ultimately lost the contract dispute, "counsels' obtaining a change of venue would turn out to be valueless."
 
 
 8
 North American appeals contending the language of the contract is unequivocal, and a party having to obtain counsel to enforce any term of the agreement was entitled to attorney fees. The district court's conclusion effectively added a provision to the agreement that was not included by the parties, North American contends.
 
 
 9
 Cooley responds with the theme established by the district court that North American is not entitled to fees because it is not a prevailing party. Citing authority denying attorney fees under state statutes which predicated awarding of fees to parties who prevailed on the merits of a case, Cooley ignores the specific language in the agreement. Maintaining North American has yet to prevail on the merits, Cooley argues the district court's order must be affirmed.
 
 
 10
 We understand the district court's concern for awarding fees in a piecemeal fashion. Indeed, it is beyond the norm to do so. Yet, it is also beyond the norm to deny a party a part of a bargain to which it has agreed. Cooley does not defend on the ground the agreement is unenforceable. Indeed, its breach of contract action specifically implies the contract's binding effect. Moreover, there is simply no doubt that by filing a motion to dismiss on venue grounds, North American was enforcing that term of the agreement which limited venue to Bexar County. It is also beyond cavil North American prevailed in that effort. It must therefore follow, by putting North American in the position of having to obtain counsel to enforce that provision, Cooley became obliged to pay North American's reasonable attorney fees related to that enforcement.
 
 
 11
 Nothing in the agreement cited to us or relied upon by the district court states or implies recovery under Paragraph 35(B) is limited to final resolution of the merits of the contract dispute. The parties agreed those merits were to be resolved in a specific court, and North American was entitled to enforcement of that agreement. It is also, by the clear and unequivocal language of the agreement presented to us, entitled to compensation for that enforcement.
 
 
 12
 REVERSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470